# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 50201 | **DATE** | 12/10/2012 |
| **CASE TITLE** | Shea vs. Winnebago County Sheriff's Office et al | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court grants the motion to dismiss of defendants, Judge Wilt and the Circuit Court of Winnebago County, and denies plaintiff's motion to strike.

*Philip G. Reinhard*

■ [ For further details see text below.]    Notices mailed by Judicial staff.

## STATEMENT-OPINION

Plaintiff, Ronald Shea, filed pro se a multi-count complaint pursuant, in part, to 42 U.S.C. § 1983 against several defendants, including Judge Randy Wilt of the Circuit Court of Winnebago County, Illinois, and the circuit court itself. Judge Wilt and the circuit court have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), contending that Judge Wilt has absolute judicial immunity from suit under § 1983, that the circuit court, as an agency of the State of Illinois, is immune under the Eleventh Amendment, and alternatively, that the circuit court is not a "person" suable under § 1983. Plaintiff responds that Judge Wilt acted without jurisdiction in the state-court proceeding and therefore lost his judicial immunity, that the Eleventh Amendment does not bar suit for claims under § 1983 or section 5 of the Fourteenth Amendment, and that the circuit court is in fact a suable person for purposes of § 1983.[1]

Dismissal for failure to state a claim under Rule 12(b)(6)[2] is proper when the allegations in a complaint, however true, could not raise a claim of entitlement to relief. Virnich v. Vorwald, 664 F. 3d 206, 212 (7th Cir. 2012). The complaint must contain allegations that state a claim to relief that is plausible on its face. Virnich, 664 F. 3d at 212. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Virnich, 664 F. 3d at 212. In considering the plaintiff's claims, the court must construe all of the plaintiff's allegations as true and must draw all reasonable inferences in the plaintiff's favor. Virnich, 664 F. 3d at 212.

Judicial immunity confers complete immunity from suit and is not just a mere defense to liability. Dawson v. Newman, 419 F. 3d 656, 660 (7th Cir. 2005). It is applicable in suits under § 1983 as well. Dawson, 419 F. 3d at 660-61. If a judge errs through inadvertence or otherwise, a party's remedy is the appellate process. Dawson, 419 F. 3d at 661. Judicial immunity extends to acts performed by the judge in his judicial capacity. Dawson, 419 F. 3d at 661. A judge is immune even if his action was erroneous, done maliciously, exceeded his authority, or even is flawed by the commission of grave procedural error. Brokaw v. Mercer County, 235 F. 3d 1000, 1015 (7th Cir. 2000). Judges are immune from suit unless they have acted in the clear absence of jurisdiction. Brokaw, 235 F. 3d at 1015.

| STATEMENT-OPINION |
|---|

Here, plaintiff's claims against Judge Wilt are based on the allegations that Judge Wilt issued an order of protection directed at plaintiff. The issuance of a protective order is a classic judicial function. Thus, Judge Wilt is immune from any suit based on the issuance of that order. While plaintiff argues that Judge Wilt was without jurisdiction because he improperly included plaintiff's mother as one of the protected individuals under the order, such an argument fails as even if plaintiff's mother was not properly included such error does not detract from the jurisdictional authority to issue the order. Accordingly, defendants' motion to dismiss the claims against Judge Wilt is granted with prejudice.

As for the claims against the circuit court, states and their agencies are not persons subject to suit under § 1983. Sudduth v. Donnelly, 2009 WL 918090, * 5 (N.D. Ill. April 1, 2009) (citing Johnson v. Supreme Court of Illinois, 165 F. 3d 1140, 1141 (7th Cir. 1999)). Further, a state court is considered to be a state agency. Sudduth, at * 5. Therefore, the claims against the circuit court here are dismissed with prejudice for failure to state a claim.[3]

For the foregoing reasons, the court grants defendants' motion to dismiss all claims with prejudice as to both Judge Wilt and the circuit court. For the same reasons, the court denies plaintiff's motion to strike the motion to dismiss.

1. Plaintiff has also filed a motion to strike defendants' motion to dismiss based on essentially the same arguments he asserts in response to the motion to dismiss. The court will address the motion to strike once it disposes of the motion to dismiss.

2. While defendants have also relied on Rule 12(b)(1) in seeking dismissal, the court questions whether the defenses raised actually go to this court's subject matter jurisdiction. Nonetheless, the court need not apply Rule 12(b)(1) in resolving the present motion.

3. Defendants also argue that the claims against the circuit court are barred by the Eleventh Amendment. While this is likely a proper basis for dismissal, it need not be applied where, as here, the suit is not against a "person" amenable to suit under § 1983. See Seely v. Avery, 2011 WL 53169, * 3 , n. 6 (N.D. Ind. Jan. 17, 2011) (citing Mercado v. Dart, 604 F. 3d 360, 362 (7th Cir. 2010)).