IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Ronald R. Shea, | ) |
| | ) Case No. 12-CV-50201 |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Winnebago County Sheriff's Office, et al., | ) |
| | ) |
| | ) Judge Philip G. Reinhard |
| Defendants. | ) |

## ORDER

    For the reasons stated below, plaintiff Ronald R. Shea's motion for leave to file an amended complaint [81] is granted. However, because the court finds plaintiff's proposed amended complaint suffers from the same deficiencies as his initial complaint, the court strikes plaintiff's proposed first amended complaint. The court grants plaintiff one final opportunity to submit a complaint that complies with the Federal Rules of Civil Procedure. Plaintiff must do so within 14 days of the entry of this order. Failure to do so will result in summary dismissal of the case. The court emphasizes that this is plaintiff's last chance to submit an amended complaint.

## STATEMENT-OPINION

    *Pro se* plaintiff Ronald Shea filed a multi-count complaint, pursuant in part, to 42 U.S.C. § 1983 against a number of defendants. [1]. The complaint was 104 pages long and inappropriately included extensive narrative with irrelevant legal arguments and legal citations. *See* [1]. Because of this, the court, *sua sponte*, struck plaintiff's complaint and granted him until December 30, 2013 to file an amended complaint that complied with Federal Rule of Civil Procedure 8(a)(2). [76]. Plaintiff, however, failed to file an amended complaint by the said date. This failure caused defendants to file a motion to strike the notice of inspection and notices of depositions. *See* [77]. On January 8, 2014, Magistrate Judge P. Michael Mahoney held a motion hearing on the motion to strike. [80]. At the hearing, plaintiff orally moved for leave to file an amended complaint. Judge Mahoney granted defendants' motion to strike and determined that he would revisit discovery issues between the parties if this court decided to grant plaintiff's motion for leave to file an amended complaint. [80].

1

On January 9, 2014, plaintiff filed a written motion seeking leave to file an amended complaint. [81]. Attached with the motion, plaintiff included his proposed first amended complaint. *See* [81-1]. After reviewing the proposed amended complaint, the court finds it suffers from the same deficiencies as the original complaint and therefore strikes it.

In the 51-page proposed amended complaint, plaintiff asserts 26 causes of action and again provides extensive narrative with inappropriate legal argument. Paragraph 35 is a good example of the extensive, unnecessary narrative. It reads:

> In the third attack, Carolyn Koehler kicked in Plaintiff's locked bedroom door, approaching Plaintiff and denuding him of his pillow and bed clothes, abrading the cornea of Plaintiff's left eye in the process. Plaintiff shouted at her to "Get out of my bedroom," and in a belly-to-belly shoving match, drove her to the threshold of his door. Douglas Koehler joined Carolyn at the threshold and raised his fists at Plaintiff, placing Plaintiff in fear of harmful contact and blocking Plaintiff's escape from the bedroom. Douglas Koehler quickly withdrew, however, shouting[,] "CAROLYN, THAT'S IT. CAROLYN, THAT'S IT." Carolyn Koehler quickly withdrew on command of her husband. Plaintiff closed and locked the door, and returned to bed, losing all consciousness. All three attacks were performed with malice, and resulted in damages to Plaintiff.

[81-1] at 11.

The other allegations in the proposed amended complaint continue in a similar vein. It is axiomatic that the above does not consist of a "short and plain statement," and instead amounts to excessive narrative. *See* Fed. R. Civ. P. 8(a)(2). This is in addition to the inappropriate legal argument contained in portions of the proposed amended complaint. S*ee* [81-1] at 4 (stating "[u]nder the doctrine of RESPONDEAT SUPERIOR, any civil rights violation, tortious acts, or other causes of action within the instant complaint, alleged against any employee . . . comprehends the incorporation of the Winnebago County Sheriff's Office as a defendant within the scope of said allegation or cause of action."). In light of these deficiencies, the court refuses to accept plaintiff's first amended complaint and instead grants plaintiff 14 days from the entry of this order to file a second proposed amended complaint that complies with Federal Rule of Civil Procedure 8(a)(2).

The court acknowledges that plaintiff is proceeding *pro se* and his pleadings should be liberally construed. However, plaintiff has represented that he is an attorney who therefore should be familiar with the federal pleading rules. Moreover, attorney or not, plaintiff must comply with this court's rules. *See Greer v . Board of Education*, 267 F.3d 723, 727 (7th Cir. 2001) (stating that while pro se litigants are afforded a liberal construction of their pleadings, they must comply with the court's rules.). As such, the court grants plaintiff's motion for leave to file an amended complaint [76], but strikes plaintiff's proposed first amended complaint. The court grants plaintiff 14 days from the entry of this order to file a second proposed amended

2

complaint that complies with Federal Rule of Civil Procedure 8(a)(2). The court warns plaintiff that failure to comply with this order will result in summary dismissal of the case. This is plaintiff's final opportunity to comply.

Date: 2/07/2014                                    ENTER:

*Philip G. Reinhard*
United States District Court Judge

Notices mailed by Judicial Staff.    (LC)