IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| Ronald R. Shea, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 12-CV-50201 |
| vs. | ) | |
| Winnebago County Sheriff's Office, et al., | ) | Judge Philip G. Reinhard |
| Defendants. | ) | |

### ORDER

For the following reasons, plaintiff's objections to Magistrate Judge Johnston's orders [256]; [257] are denied. Plaintiff's motion to strike [263] is denied.

### STATEMENT

On March 15, 2016, the court received plaintiff Ronald R. Shea's objection to Magistrate Judge Johnston's February 3, 2015 order to continue defendant Carolyn Shea Kohler's motion to strike the deposition of Phyllis Shea [257], as well as plaintiff's objection to Magistrate Judge Johnston's March 10, 2015 order quashing the deposition of Phyllis Shea [256]. On April 12, 2016, defendant Carolyn Shea Kohler (the only remaining defendant) responded to plaintiff's objection to the February 3rd order [261] and plaintiff's objection to the March 10th order [262]. On April 25, 2016, plaintiff filed his replies. *See* [265]; [266]. Plaintiff also filed a motion to strike defendant's response regarding the March 10th order. *See* [263].

"Section 636 of the Federal Magistrates Act and Federal Rule of Civil Procedure 72(a) govern district court review of nondispositive magistrate judge decisions." *Domanus v. Lewicki*, 742 F.3d 290, 295 (7th Cir. 2014). Section 636 provides that a district judge "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636 (b)(1)(A). Rule 72(a) provides that the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "In short, the district judge reviews magistrate-judge discovery decisions for clear error." *Domanus*, 742 F.3d at 295.

Rule 72 expressly states that "[a] party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to." Fed.R.Civ.P. 72(a). Here, plaintiff filed his objections on March 15, 2016,

1

over one year late for the February 3, 2015 order and nearly one year late for the March 10, 2015 order.

The Seventh Circuit has held that the deadline for filing an objection under Rule 72 "is not jurisdictional," and when deciding whether to accept late-filed objections, courts are to take into account whether the objections are egregiously late and whether any prejudice has been caused by the delay. *See Kruger v. Apfel*, 214 F.3d 784, 786-87 (7th Cir.2000). Courts in this district have routinely refused to consider objections that are filed months late. *See also Day v. River Forest School Dist. 90*, No. 10 CV 4426, 2012 WL 3835840, at *2 (N.D. Ill. 2012) ("[Plaintiff] delayed filing his objections not a mere matter of days or weeks but, rather, between 2-4 months. Other courts have found delays of similar or even shorter duration to be waivers of the right to object under Rule 72. *See, e.g., Gardner v. Johnson*, No. 08 CV 50006, 2009 WL 972590, at *1 (N.D. Ill. Apr. 10, 2009) (55 days); *Muro v. Target Corp.*, 250 F.R.D. 350, 358 (N.D. Ill. 2007) (63 days); *Smith v. Sprint Communication Co., L.P.*, No. 99 CV 3844 (N.D. Ill. July 3, 2003) (20 days).").

Plaintiff's excuse for the delay in filing his late objections is "due to hardship, and also, on jurisdictional grounds." [256] at 2; [257] at 2. He states that he is homeless and has been unable to prosecute this case properly. The court does not accept plaintiff's "hardship" excuse, as he has proven able to consistently prosecute this case since the March 10, 2015 order, regularly engaging in discovery issues and filing several motions, including a motion to compel and a motion for sanctions. The court also notes that the delay in filing has caused prejudice due to the fact that Phyllis Shea, the subject of the underlying orders that plaintiff objects to, is now deceased. Plaintiff's "jurisdictional ground" is that the orders he is objecting to were *ultra vires*, obviating any time limitations. These claims are based on the identity of the parties who filed the motions that Magistrate Judge Johnston ruled on. Carolyn Koehler initially moved for a protective order to quash the deposition of Phyllis Shea on January 27, 2015, due to the fact that Phyllis Shea was suffering from dementia and could not meaningfully participate in the deposition. *See* [186]. Magistrate Judge Johnston continued that motion on February 3, 2015. *See* [192]. Phyllis Shea then entered her appearance, through her attorney Mark Byrd, and moved to quash her deposition on February 23, 2015. *See* [196]; [197]. Magistrate Judge Johnston then granted Phyllis Shea's February 23rd motion to quash on March 10, 2015. *See* [208].

Plaintiff contends that "[t]he idea of 'continuing' a motion with a different 'movant' is a jurisprudential impossibility," the original motion to quash by Carolyn Koehler was improper because "the 'real party in interest' was Phyllis Shea," the "constitutional prohibition against third party standing rendered any continuation of the [Carolyn Koehler] motion *void ab initio*," and Phyllis Shea's motion was "the 'poison fruit' of an *ultra vires* act by the United States District Court. It also was *void ab initio*." *See* [156] at 6-7. Notwithstanding these arguments, the court notes that magistrate judges have authority to continue discovery motions and there was no jurisdictional bar to Magistrate Judge Johnston ruling on Phyllis Shea's independent motion to quash. Moreover, the court has reviewed Magistrate Judge Johnston's orders and finds no clear error.

Because [p]laintiff's objections are untimely and because the court has found no clear error in Magistrate Judge Johnston's February 3, 2015 order [192] or March 10, 2015 order [208], plaintiff's objections [256]; [257] are denied. The court also denies plaintiff's motion to strike [263], based on the response to his objections to the March 10th order being filed by Carolyn Koehler, as Magistrate Judge Johnston ordered defendant to respond to plaintiff's objections, and Carolyn Koehler is the only defendant remaining.

Date: 05/09/2014					ENTER:

								_____
								United States District Court Judge

					Notices mailed by Judicial Staff.  (LC)
					Copy to Magistrate Judge Johnston