IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Ronald R. Shea, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12 C 50201 |
| | ) | |
| vs. | ) | |
| | ) | |
| Carolyn Shea Kohler, et al., | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendant. | ) | |

### ORDER

The motions in limine of the parties are disposed of as set forth below.

### STATEMENT-OPINION

Plaintiff and defendant have each submitted five motions in limine (MIL). Plaintiff filed the following MIL: 1) to allow him to present hearsay declarations of Phyllis Shea's under the Rule 804 declarant unavailable hearsay exception and to bar defendant from using any statements of Phyllis Shea's under the declarant unavailable exception because defendant procured or wrongfully caused Phyllis Shea's unavailability; 2) a ruling that a) phone records of communications between plaintiff and Phyllis Shea, b) Phyllis Shea's estate documents and communications, and c) Phyllis Shea's brokerage account records for the last four years of her life – (to show pilferage by defendant at the rate of $10,000 per month) are all admissible in order to show defendant's motive for battering him; 3) to bar defendant and counsel from rasing by question, statement or insinuation that "all other claims have been dismissed and the only claim remaining is the battery", that plaintiff has a loathsome disease, that defendant was injured when plaintiff shoved her out of his bedroom and that plaintiff could not take care of Phyllis Shea; 4) to deem plaintiff's submission of undisputed facts as admitted due to defendant's failure to file any objection to them; 5) to deem admitted in a light most favorable to plaintiff matters for which defense counsel coached defendant during defendant's deposition or which defendant refused to answer, specifically: a) how much money defendant was receiving from Phyllis Shea; b) whether defendant monitored and controlled the phone call between Mark Byrd (as Phyllis's lawyer) and Phyllis; c) that this phone call was the only "meeting" between Phyllis and Mark Byrd; d) that defendant was close enough to kick plaintiff in the head.

Defendant filed the following MIL: 1) to bar any statements of Phyllis Shea as hearsay or under the Dead Man's Act; 2) to bar evidence from the criminal case and order of protection case in which plaintiff was the defendant; 3) to bar evidence of "loss of life savings" and emotional distress because plaintiff stated in open court on June 30, 2015 that he was not pursuing claims for these two items of damages; 4) to bar plaintiff from introducing evidence or commenting on various injuries because he has not identified any medical experts to testify as to those injuries; 5) to bar plaintiff from making any statement, comment, reference or otherwise to the valuation of Phyllis Shea's estate or to transfers of funds from any accounts of Phyllis Shea to defendant.

1

At the outset, this court emphatically cautions plaintiff that the issue in this case, here by diversity jurisdiction, is whether defendant committed a battery upon plaintiff. The history of plaintiff's other grievances against defendant involving Phyllis Shea's will and trust will not be litigated in this case (those disputes are the subject of two cases pending in state court) and evidence pertaining thereto is not generally admissible here. The court has expressed this view on occasions when the plaintiff has appeared before this court. Nevertheless, plaintiff's motions in limine appear to disregard this warning as do many of his proposed exhibits and proposed witnesses listed in the proposed final pretrial order.

The court will address defendant's MIL first. Defendant raises the Illinois Dead Man's Act (735 ILCS 5/8-201) as a bar to the admission of Phyllis Shea's statements but the Dead Man's Act is inapplicable. The Dead Man's Act only applies in litigation by or against someone as a representative of the decedent. 735 ILCS 5/8-201. This action is against defendant in her individual capacity not as a representative of decedent.

Defendant also argues Phyllis Shea's statements should be barred as hearsay. Whether a statement is hearsay or not depends on whether it is offered for the truth of the matter asserted in the statement. Fed. R. Evid. 801(c)(2). This, of necessity, requires an evaluation of each statement. The court will not issue a blanket ban on evidence of statements by Ms. Shea. As the court advised the parties in open court, plaintiff will be allowed to introduce limited evidence, including relevant statements by Ms. Shea made to plaintiff, that go to the reasons plaintiff claims he left California for Illinois, was in the house where the alleged battery occurred, and why he believes defendant had a motive to batter him. The court will limit the amount of this evidence and direct the jury as to the limited purpose of its introduction. Defendant's first MIL is denied only to the extent such statements may be admissible as non-hearsay or as an exception under Fed. R. Evid. 803.

Defendant's second MIL seeks to bar plaintiff from introducing any evidence or statements regarding the outcome of the criminal case (2011 CM 3879) and order of protection case (2012 OP 330) (which was brought by a third party) in which plaintiff was a defendant. The criminal case ended in a directed verdict of acquittal and the order of protection case was dismissed. "Evidence of acquittal in a criminal action is generally irrelevant and inadmissible in a civil case involving the same incident since it constitutes a negative sort of conclusion lodged in a finding of a failure to sustain the burden of proof beyond a reasonable doubt." Williams v. Brooks, 809 F.3d 936, 945 (7th Cir. 2016) (internal quotation marks and citation omitted).

Plaintiff argues evidence of the bringing of the criminal case and order of protection action, and their resolution favorably to him, is admissible under Fed. R. Evid. 404(b)(2). Under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1) & (2). Plaintiff contends this evidence is admissible as it shows defendant's plan to isolate Phyllis Shea from plaintiff by battering plaintiff, alleging he retaliated, then enlisting agents of the state to remove him from his mother's home so defendant could continue pilfering Phyllis Shea's assets.

The outcomes of the criminal and order of protection cases are not acts of the defendant. The decisions in those cases were the acts of judges not Ms. Koehler. Plaintiff's argument that they are admissible under Rule 404(b)(2) because they show defendant's plan is, therefore, incorrect. The judges' decisions ruling in plaintiff's favor in those cases do nothing to show a plan by defendant. They are the

2

acts of independent judicial officers. Defendant's second motion in limine is granted as to any evidence of the proceedings and outcomes of these two state court proceedings.

Defendant's third motion in limine seeks to bar any evidence or comments that plaintiff suffered the erosion of his life savings or suffered any emotional distress damages caused by the alleged battery. Defendant argues plaintiff specifically disclaimed he was seeking to recover damages for these two items during a court appearance on defendant's motion to compel discovery before Magistrate Judge Johnston on June 30, 2015. Plaintiff responds that he is claiming damages for loss of income caused by the dismissal of the Artolo v. Petco case, and "for damage to his vehicle, general damages and exemplary damages" – issues the court will decide at a later point. He disclaims seeking any other claim for loss of earnings. As to emotional distress damages, plaintiff states "[p]ain, suffering, and the immediate insult and provocation" are intrinsic to an Illinois battery claim and states "[b]eyond this point, Plaintiff's claim for intentional infliction of emotional distress has been dismissed, and Plaintiff enters no claim pursuant thereto."

A review of the transcript of the June 30, 2015 hearing [314-1] shows plaintiff disclaimed any emotional distress damages arising from the battery. The following exchange occurred between the court and plaintiff:

"THE COURT: So, you're not seeking any emotional distress damages at all.
MR. SHEA: That's correct.
THE COURT: In any way in the case.
MR. SHEA: Not for the remaining COA."
Dkt # 314-1, p. 23.

It is clear from this exchange that plaintiff disclaimed any emotional distress damages for the remaining cause of action (COA) – the battery claim. This was not simply an acknowledgment that the claim for intentional infliction of emotional distress had been dismissed.

As to evidence of, or comment on, the erosion of his life savings, plaintiff does not argue that he should be able to introduce such evidence or make such comment. During the June 30, 2015, hearing, in response to questions from the magistrate judge, plaintiff agreed that in approximately 2010 he had about $200,000 in savings, that he no longer had those funds, and he was not seeking damages for the loss of those funds. Plaintiff is not arguing otherwise now. Defendant's third motion in limine is granted.

Defendant's fourth MIL seeks to bar plaintiff from presenting evidence or commenting that he suffered certain listed medical conditions as a result of the battery because plaintiff has not presented any expert witnesses and an expert would be required to establish that he suffers from any of these conditions. Plaintiff responds that he has one disclosed expert, an ophthalmologist, and that expert testimony is not needed to establish his other damages or injuries.

While it is true plaintiff is not qualified to diagnose his condition and, therefore, will be prohibited from testifying or making statements that he suffered a major concussion, temporary damage to the speech centers of his brain, temporary retinal damage, permanent neurological damage to the fourth cranial nerve governing the superior oblique muscles of his left eye and that he is at increased risk for traumatic encephalopathy, Alzheimer's, dementia, cognitive impairment or stroke, plaintiff can testify as to the symptoms he experienced during and since the battery and how these differ from what he was experiencing before the battery. "No expert testimony is required to assist jurors in determining the cause

of injuries that are within their common experiences or observations." Hendrickson v. Cooper, 589 F.3d 887, 892 (7th Cir. 2009). An expert is not required to connect getting kicked in the head with headaches, vision problems, or slowed thinking, for example. This is within the common experiences or observations of jurors. Id. Defendant's fourth MIL is granted in that plaintiff is prohibited from testifying as to any diagnosis of his condition (whether based on his own opinion or what he has been told) but he is free to testify as to the symptoms he experienced and is experiencing.

Defendant's fifth MIL seeks to bar plaintiff from making any statement or reference regarding the valuation of Phyllis Shea's estate or defendant receiving any money or value from the estate. Plaintiff responds that evidence of the reduction in value of Ms. Shea's assets is relevant to establishing defendant's motive for the battery – defendant's plan to isolate plaintiff from Ms. Shea so defendant could continue pilfering Ms. Shea's assets.

The parties are currently litigating two cases in state court as well. In one, Mr. Shea is seeking to invalidate a trust purportedly established by Phyllis Shea. In the other, Mr. Shea is contesting the validity of Phyllis Shea's will. The court here is not going to litigate the matters at issue in those state court cases. As discussed above, plaintiff will be allowed to introduce a very limited amount of evidence that goes to the reasons plaintiff claims he left California for Illinois, was in the house where the alleged battery occurred, and why he believes defendant had a motive to batter him. The court will set out the parameters of that evidence in a separate order.[1] Defendant's fifth MIL is granted to the extent expressed above.

Plaintiff's first MIL seeks to allow him to present hearsay declarations of Phyllis Shea's under the declarant unavailable hearsay exception and to bar defendant from using any statements of Phyllis Shea's under the declarant unavailable exception because defendant procured or wrongfully caused Phyllis Shea's unavailability. Where the declarant is unavailable as a witness, Fed. R. Evid. 804(b) provides certain exceptions to the rule excluding hearsay. One of those exceptions is for a "statement offered against a party that wrongfully caused – or acquiesced in wrongfully causing – the declarant's unavailability as a witness, and did so intending that result." Fed. R. Evid. 804(b)(6). Plaintiff argues defendant wrongfully caused Ms. Shea's unavailability for having her deposition taken so plaintiff was unable to obtain Ms. Shea's testimony before she died. Defendant counters that Magistrate Judge Johnston granted a motion [197] filed by Phyllis Shea to quash her deposition. Magistrate Judge Johnston granted the motion "in light of ongoing state court probate proceedings." [208] Mr. Shea had filed the probate action seeking to be appointed guardian of Phyllis Shea. The state probate judge also denied a motion by plaintiff to take Phyllis Shea's deposition. Defendant contends she did not cause Ms. Shea's unavailability since the courts prevented the deposition.

A statement is hearsay only if it is offered for the truth of the matter asserted in the statement. Fed. R. Evid. 801(c)(2). The court does not see any reason to admit any hearsay statements (i.e. statements offered for the truth of the matter asserted in the statements) of Ms. Shea's so the Rule 804(b)(6) exception would not come into play. The court may admit (as non-hearsay (Rule 801) or as an exception (Rule 803(3)) a very limited amount of evidence of statements Ms. Shea made to the parties to show what they each claim she told them for the limited purpose of establishing what led them to be where they were when the alleged battery occurred and what might have motivated their respective actions at that time. Plaintiff's first MIL is denied to the extent it seeks to allow plaintiff the admission of

---

[1] As a separate part of the proposed final pretrial order each party has presented a list of exhibits it proposes to enter into evidence and any objections each has to the other's proposed exhibits. The court will address the exhibits the parties propose to enter and the objections thereto in a separate order.

hearsay under Fed. R. Evid. 804(b)(6) and granted to the extent it seeks to deny defendant the admission of hearsay under Fed. R. Evid. 804(b)(6).

Plaintiff's second MIL seeks a ruling that a) phone records of communications between plaintiff and Phyllis Shea, b) Phyllis Shea's estate documents and communications, and c) Phyllis Shea's brokerage account records for the last four years of her life – (to show pilferage by defendant at the rate of $10,000 per month) are all admissible in order to show defendant's motive for battering him. The scope of this request is too broad and plaintiff's second MIL is denied.[2]

Plaintiff's third MIL seeks to bar defendant and counsel from rasing by question, statement or insinuation that "all other claims have been dismissed and the only claim remaining is the battery", that plaintiff has a loathsome disease, that defendant was injured when plaintiff shoved her out of his bedroom and that plaintiff could not take care of Phyllis Shea. Defendant agrees no reference to other claims that have been dismissed should be allowed. No such references shall be allowed. Defendant also agrees she has no need to reference any medical condition of plaintiff except as it might bear on plaintiff's claim for damages. Evidence of any medical condition will only be allowed to the extent it bears on the symptoms plaintiff claims he experienced during or after the battery. Whether or not plaintiff could take care of Ms. Shea is irrelevant to the issue in this case and no evidence or reference to this subject will be allowed by either party. Defendant can testify as to the events which gave rise to plaintiff's battery claim against her and any injury to her during these events. But, of course, defendant has no claim against plaintiff for any such injury. Plaintiff's third MIL is granted in part and denied in part on the terms set forth in this paragraph.

Plaintiff's fourth MIL asks the court to deem plaintiff's submission of undisputed facts as admitted due to defendant's failure to file any objection to them. However, at the status hearing on May 24, 2017, the court specifically waived its usual requirement that a proposed final pretrial order contain a stipulation or statement of uncontested facts agreed to by the parties. The lack of objection to plaintiff's proposed submission of such a statement at an earlier stage in the case provides no basis for deeming facts admitted. Plaintiff's fourth MIL is denied.

Plaintiff's fifth MIL asks the court to deem admitted in a light most favorable to plaintiff matters for which defense counsel coached defendant during defendant's deposition or which defendant refused to answer, specifically: a) how much money defendant was receiving from Phyllis Shea; b) whether defendant monitored and controlled the phone call between Mark Byrd (as Phyllis's lawyer) and Phyllis; c) that this phone call was the only "meeting" between Phyllis and Mark Byrd; d) that defendant was close enough to kick plaintiff in the head.

The proper course for plaintiff to address issues arising during a deposition was to file a motion at the time seeking an order granting him whatever relief he desired and present it to the magistrate judge. The magistrate judge would then have ruled on the motion. If plaintiff was dissatisfied with the magistrate judge's ruling he then could have filed an objection with this court pursuant to Fed. R. Civ. P. 72(a). The court will not deem these items admitted in a light most favorable to plaintiff. Plaintiff's fifth MIL is denied.

The motions in limine of the parties are disposed of as set forth above.

---

[2] The admissibility of proposed exhibits will be addressed in a separate order. See n. 1 above.

Date: 8/14/2017    ENTER:

_____
United States District Court Judge

Electronic Notices. (LC)