IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Ronald R. Shea, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12 C 50201 |
| | ) | |
| vs. | ) | |
| | ) | |
| Carolyn Shea Kohler, et al., | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendant. | ) | |

## ORDER

The court sets deadlines and evidentiary rulings as set forth below.

## STATEMENT-OPINION

Defendant filed her list of proposed witnesses with the subject matter of their proposed testimony. Certain of these witnesses will not be allowed to testify as set forth below. As to any proposed witness that is ruled excluded by this order today, defendant shall make any offer of proof as to that witness by filing such offer of proof in writing with the court on or before August 21, 2017. For any witness ruled excluded by this order, any and all offers of proof must be filed in writing by that date. No offers of proof as to witnesses ruled excluded by this order today will be allowed at trial and no witness so excluded shall be tendered at trial. The written offers of proof will stand to preserve any claim of error under Fed. R. Evid. 103(a)(2) & (b).

The following proposed witnesses of defendant will not be allowed to testify or will have the scope of their testimony limited for the reasons set forth below.

Kelly Peters was apparently not an occurrence witness and the subject matter of the proposed testimony of this witness is only relevant to the extent she may be allowed to testify as to her observation of the condition of the doorjamb, if plaintiff introduces evidence of its condition, and anything else she might have personally observed as to the occurrence.

Patrick Speer may testify unless the court determines at trial that the testimony is needlessly cumulative.

Sam Hawley may testify unless the court determines at trial that the testimony is needlessly cumulative.

Bryan Johnson will only be allowed to testify if plaintiff introduces the booking photo. The booking photo has been excluded as a defense exhibit as irrelevant and, because, to the extent it may be relevant on the issue of damages, its probative value is substantially outweighed by the danger of unfair prejudice and confusing the issues.

The court will address at trial whether and to what extent Wendy Lowery and Shelli Sublett will be allowed to testify.

While plaintiff does not object to Douglas Dobbs testifying the court has concerns that his testimony, considering he interviewed plaintiff several days after the incident may be hearsay or irrelevant. The court will address at trial whether or not either defendant or plaintiff may call Dobbs.

While plaintiff does not object to Timothy Speer testifying the court has concerns that his testimony, considering he interviewed plaintiff several days after the incident may be hearsay or irrelevant. The court will address at trial whether or not Timothy Speer may be called as a witness.

Date: 8/16/2017          ENTER:

*Philip G. Reinhard*
United States District Court Judge

Electronic Notices. (LC)