IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| RONALD R. SHEA, ) | |
| ) | |
|     *Plaintiff*, ) | |
| ) | Case No. 12 CV 50201 |
| v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| DOUGLAS KOEHLER and ) | |
| CAROLYN SHEA KOEHLER, ) | |
| ) | |
|     *Defendants*. ) | |

**REPORT & RECOMMENDATION**

Plaintiff Ronald Shea brought this action against Douglas Koehler and Carolyn Shea Koehler, as well as several Illinois based defendants on May 29, 2012. Dkt. 1. The complaint alleged violations of 42 U.S.C. § 1983, as well as numerous Illinois tort claims stemming from an altercation that occurred on December 12, 2011 in Roscoe, Illinois. Dkt. 1. In his complaint, Plaintiff alleged that he was a citizen of Nevada, a member of the California Bar, and had a primary place of business at P.O. Box 5584, Sherman Oaks, CA. Complaint at 2, Dkt. 1. He further alleged that he "had established permanent residence in Illinois, approximately from November 22, 2011 through December 12th, 2011, before being unlawfully ordered by the County Sheriff to abandon his domicile." Complaint at 2, Dkt. 1. The district court *sua sponte* struck the over one-hundred-page complaint for failing to comply with Federal Rule of Civil Procedure 8(a)(2). Dkt. 76. Plaintiff was allowed to amend, but his first amended complaint was struck for the same reason. Dkt. 85.

Plaintiff's second amended complaint, alleging over twenty counts, was accepted by the district court. Dkt. 91. That complaint alleged predominantly Illinois tort claims, but also

1

several federal claims. Dkt. 92. Notably, in the second amended complaint, Plaintiff alleged that he "was a resident of California at the time of filing the complaint." Second Amended Complaint at 3, Dkt. 92. The second amended complaint again alleged that on December 12, 2011, Plaintiff was ordered to abandon his *Illinois domicile* under threat of arrest and was dumped at a bus stop in Northern Illinois with all his clothing, computers, a large carton of legal files and office supplies. Second Amended Complaint at 15, Dkt. 92.

All defendants filed motions to dismiss. The district court granted all motions, except as to the battery count against Carolyn Koehler. Dkt. 151. A jury trial ensued. A jury found in favor of Defendant Carolyn Koehler. Dkt. 362. Plaintiff appealed. Dkt. 364.

The Seventh Circuit vacated the district court's dismissal of the civil conspiracy, assault and false imprisonment claims against Douglas and Carolyn Koehler, battery claim against Douglas Koehler, and malicious prosecution against Carolyn Koehler. Dkt. 384. The case was remanded for further proceedings on those claims. *Id.* In all other respects, the judgment was affirmed. *Id.* In its decision, the Seventh Circuit noted that on remand the district court may consider its discretion to relinquish supplemental jurisdiction over the remaining state-law claims. *Shea v. Winnebago County Sheriff's Department*, 746 F. App'x 541, 550 (7th Cir. 2018). The court noted that Plaintiff asserts that diversity jurisdiction exists,

> but that proposition is dubious. At the time he filed his complaint, which named numerous Illinois actors, Shea contended that his "residence" was in California, but he also alleged that he had "moved" to his mother's home in Illinois with an intent to stay. These allegations are insufficient to establish Shea's "domicile," which is distinct from his "residence," and which is necessary for Shea to meet his burden to show that diversity jurisdiction existed at the time he filed his complaint.

*Id.*

On remand the district court referred the matter to this Magistrate Judge to resolve the issue of citizenship and to submit a Report and Recommendation regarding same. Dkt. 409.

Thereafter, the parties filed their briefs and related exhibits on their respective positions on the issue of citizenship. Dkts. 412, 416-17. On July 17, 2019, this Court conducted an evidentiary hearing to determine whether diversity jurisdiction existed as of the date that the complaint was filed. The Court heard testimony from Plaintiff.

For the following reasons, this Court determines that at the time this suit was filed, Plaintiff was a citizen of Illinois. Because a number of defendants named in the original complaint were also Illinois citizens,[1] there was not complete diversity and thus subject-matter jurisdiction based on diversity of citizenship does not exist. As such, the district court may, if it so chooses, exercise its discretion to relinquish supplemental jurisdiction over the remaining state-law claims.

The lack of subject-matter jurisdiction may be raised at any time during the pendency of the case by any party or by the court. Fed. R. Civ. P. 12(h)(3). In making a jurisdictional assessment, a federal court can look to the pleadings, any record evidence, may receive affidavits, deposition testimony or live testimony concerning the facts underlying the jurisdictional issue. 13E Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3612 (3d ed. 2009).

Plaintiff alleged in his original and amended complaints that both subject-matter and diversity jurisdiction existed in this case. However, the only claims currently remaining, after remand, are state tort claims. Thus, the district court may relinquish its jurisdiction over these claims if, in fact, no other basis for subject-matter jurisdiction exists. As such, this case must be examined to determine if diversity jurisdiction existed at the time the suit was filed. Diversity

---

[1] Winnebago County Sherriff's Office, Sheriff Douglas Dobbs and Judge Randy Wilt. Also, a number of Does were named that were subsequently identified by Plaintiff in his Amended Complaint as Illinois citizens. *See* Dkt. 92.

jurisdiction exists if, at the time the complaint was filed, the citizenship of the plaintiff was diverse from the citizenship of each named defendant. 28 U.S.C. § 1332(a). The party seeking to invoke diversity jurisdiction has the burden of proof by a preponderance of the evidence. *Muscarello v. Ogle Cnty. Bd. of Comm'rs*, 610 F.3d 416, 424 (7th Cir. 2010); *Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008). A district court's domicile determination will be upheld unless clearly erroneous. *Galva Foundry Co. v. Heiden*, 924 F.2d 729 (7th Cir. 1991).

For diversity purposes, an individual's citizenship is defined as his domicile. *Am,'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (citing *Gilbert v. David,* 235 U.S. 561 (1915)). An individual's domicile is determined by physical presence in the place combined with intent to remain there. *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). There is no single factor that determines one's domicile, rather it is a legal conclusion drawn from the totality of the circumstances. *See Galva Foundry*, 924 F.2d at 730-31. Courts consider, for example, such factors as current residence, place of employment, location of property, voter registration, driver's license registration and payment of taxes. *Newell v. O & K Steel Corp*, 42 Fed. App'x 830, 833 (7th Cir. 1991).

At the hearing, Plaintiff was unable to offer a clear statement as to where he was domiciled prior to November 22, 2011, when he moved to Illinois to live with his mother. He recalled that during the approximate month and a half prior to moving to Illinois, he lived in several places in both Nevada and California. Prior to that, he lived in California for an extended number of years,[2] where he also maintained a law practice. However, in approximately June of 2010, he put his belongings in storage. Six weeks prior to moving to Illinois, Plaintiff registered

---

[2] Plaintiff cannot recall where he lived in California and can only offer estimates on the number of years he lived in California prior to his move to Illinois.

to vote in Nevada, listing an address in Henderson, Nevada, although Plaintiff stated he never actually lived there. Plaintiff also registered his car in Nevada, again listing a residence that he did not actually reside at. He testified that he was trying to establish citizenship in Nevada in taking these steps, because he no longer wanted to reside in California. At the hearing, Plaintiff could not identify any location where he resided in Nevada. However, in his deposition, Plaintiff testified that he lived in Las Vegas with a man that he had met at a Coke machine. Defendant's Brief, Ex. 1 at 11-12, Dkt. 416-1. He could not recall the man's name or the location where they lived. *Id.* Further, Plaintiff testified that in November of 2011, he terminated his lease in Nevada and took a one-way flight to Illinois. *Id.* at 11.

In his original complaint[3] and in various pleadings and court filings in this case, Plaintiff made very clear statements that when he moved to Illinois in November of 2011, he established a permanent domicile at his mother's house in Roscoe, Illinois with the intent to remain indefinitely. *See, e.g.*, Dkt. 1 at 2, 14; Dkt. 1-1 at 4; Dkt. 92 at 10-11, 15. Plaintiff testified that he had been planning for several years to move to Illinois to take care of his mother. He had been transitioning his law office in California so that he could operate it in Illinois. Plaintiff's Brief at 7, Dkt. 412  Plaintiff testified that he moved in with his mother in Roscoe, Illinois on November 22, 2011. He moved many of his belongings to Illinois, including work files and computers to be able to conduct his law practice from his Illinois location. He had taken affirmative steps to move the remainder of his possessions from storage to Illinois. He did not keep a residence in California or Nevada after he moved to Illinois. In fact, in his pleadings, he alleges that upon being forcefully removed from his Illinois domicile in December of 2011, he

---

[3] "[A]lthough 'prior pleadings cease to be conclusive judicial admissions, they are admissible in a civil action as evidentiary admissions.'" *E. Nat. Gas Corp. v. Aluminum Co. of Am.*, 126 F.3d 996, 1001 (7th Cir. 1997) (quoting *Contractor Utility Sales Co. v. Certain-teed Prods. Corp.*, 638 F.2d 1061, 1084) (7th Cir.1981) (overturned on other grounds, *Rissman v. Rissman*, 213 F.3d 381, 385 (7th Cir.2000)).

5

informed the police officer that he had no other home he could go to, only a law office in California. Dkt. 1-1 at 4. Moreover, in his deposition, Plaintiff testified that he changed his mailing address to Illinois as well as notifying Medicare of an Illinois address. Defendant's Brief, Ex. 1 at 9, Dkt. 416-1.

Plaintiff alleged in his briefing on this issue that "[l]ess than a month prior to moving to Illinois, Mr. Shea established citizenship in Nevada by registering to vote there. He has been continuously and without interruption, registered to vote there to this day. This is his *state citizenship of choice*, and was perfected specifically with a view toward not establishing citizenship in Illinois." Plaintiff's Brief at 2, Dkt. 412 (emphasis in original). He also alleged at the evidentiary hearing that while he intended to live with his mother, he had no specific intent as to where they would live. They had talked about moving to Nevada or Florida.

These after the fact statements of intent with regard to citizenship are viewed skeptically by this Court, especially in light of the fact that when the question of citizenship was not at issue, Plaintiff made wholly different statements as to his intent in his pleadings. As late as May of 2019, in an affidavit attached to a motion to extend fact discovery, Plaintiff alleged that on November 23, 2011, he permanently relocated to Illinois to live with his mother. Plaintiff's Motion for Extension at 4, Dkt. 401. Because Plaintiff's current statements alleging that he had no intent to make Illinois his domicile are self-serving, they are given little weight. However, his statements of domicile in his pleadings and in filings made prior to the time that the issue of domicile was raised by the court, are statements against interest and thus they carry evidentiary weight. *See*, *e.g.*, *Urban One, Inc. v. Tucci*, 2018 U.S. Dist. LEXIS 168582, at *44 (N.D. Ill. Sept. 30, 2018) (permitting admissions concerning domicile that were not self-serving, but instead worked against interest) (citing *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d

1330, 1342 (11th Cir. 2011)); *Melendez-Garcia v. Sanchez*, 629 F.3d 25, 42 (1st Cir. 2010) (relying on previous deposition testimony to defeat self-serving testimony on domicile).

Moreover, Plaintiff's registration to vote in Nevada, six weeks prior to moving to Illinois, is not dispositive of the issue of his intent to make Illinois his domicile. While the state where one is registered to vote is one of many factors courts look to in order to determine intent, no one factor is dispositive. *See Galva Foundry*, 924 F.2d at 730 (finding that it would be too easy to change one's domicile solely by changing voter registration or a driver's license). More importantly, Plaintiff testified that the address he listed on his voter registration is a location at which he never resided. At the hearing, Plaintiff testified that he could not recall where in Nevada he resided prior to moving to Illinois. In his deposition, he claimed to have lived with a man he met near a Coke machine, but he could not recall that person's name or when or how long he lived with this person. Defendant's Brief, Ex. 1 at 11-12, Dkt. 416-1. Moreover, Plaintiff's use of a fictitious address on his voter registration weighs against his credibility on this matter.

Finally, Plaintiff contends, in his supplemental briefing, that he was only in Illinois for a very short period of time and this does not establish domicile. Plaintiff's Brief at 2, Dkt. 412. However, no minimum residence period is required in order to effect a change of domicile for the propose of determining diversity of citizenship jurisdiction. *See* 13E Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3613 (3d ed. 2009). Plaintiff alleges that his short stay in Illinois was brought about by his forceful removal from his home by a sheriff's officer. According to his pleadings, but for that incident, Plaintiff intended to stay indefinitely. *See* Dkt. 1 at 2, 14; Dkt. 1-1 at 4; Dkt. 92 at 10-11, 15.

7

Based on the pleadings, testimony and affidavits, this Court finds that Plaintiff had relocated to Illinois on November 22, 2011, with the intent to make Illinois his home indefinitely. As such, beginning November 22, 2011, Plaintiff's domicile, for purposes of subject-matter jurisdiction, was Illinois. *See* 13E Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3613 (3d ed. 2009) (A citizen of the United States can change his domicile instantly. To do so, two elements are necessary. He must take up residence in the new domicile, and he must intend to remain there).

Once a party has established domicile in one state it will continue until another is acquired. *Sadat v. Mertes*, 615 F.2d 1176, 1181 (7th Cir. 1980). This Court must determine whether at the time this lawsuit was filed on May 29, 2012, Plaintiff had acquired a new domicile. If he had not, then Illinois remained his domicile on that date.

Plaintiff contends that at the time he filed suit in May of 2012, he was domiciled in either California or Nevada. He alleged in his complaint that he was a citizen of Nevada at the time suit was filed. Complaint at 2, Dkt. 1. In his second amended complaint, Plaintiff alleged that he was a resident of California at the time the complaint was filed. Second Amended Complaint at 3, Dkt. 92.[4] At the hearing, Plaintiff again argued that he was either domiciled in Nevada or California at the time suit was filed. However, a party can only have one domicile. *See* 13E Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3612 (3d ed. 2009). And it is Plaintiff's burden to prove that on May 29, 2012, he had established a domicile somewhere other than Illinois. *See Muscarello*, 610 F.3d at 424. Plaintiff has not done so.

---

[4] At the hearing, Plaintiff alleged that he did not understand the term citizenship or its true legal meaning. However, Plaintiff is an attorney who, as alleged in his pleadings, practices in federal court. Complaint at 7, 9-10, Dkt. 1.

8

At the evidentiary hearing, Plaintiff testified that after he left Illinois, he moved in with his paralegal in California. He lived there continually through the time he filed suit. Plaintiff further testified that while California was where he was living, he did not intend to remain there. Rather he intended to be domiciled in Nevada. As such, he did not change his Nevada voter registration, vehicle registration, or driver's license. When he filed suit, Plaintiff alleged in his complaint that he was a citizen of Nevada, and he listed an address in Las Vegas on his *pro se* appearance form. Complaint at 2, Dkt. 1; Dkt. 3. Plaintiff explained that he had court documents forwarded from his P.O. Box address in Las Vegas to his apartment in California. Because presence alone without an intent to remain is not enough to establish domicile, Plaintiff has not proven that he was domiciled in California at the time he filed suit.

Nor has Plaintiff shown by a preponderance of the evidence that he had established a domicile in Nevada at the time he filed suit. While he testified that he intended to establish permanent residence in Nevada, the fact is that after he left Illinois he did not reside in Nevada at any time prior to filing suit. *See Sadat*, 615 F.2d at 1181 ("[S]tatements of intent are entitled to little weight when in conflict with the facts.") (internal quotation marks and citation omitted). Intent to be domiciled in a state without presence in that state is not enough to establish domicile. As such, Plaintiff cannot establish that he was domiciled in Nevada when he filed suit.

With regard to the other factors that courts examine to determine domicile, Plaintiff did not as of May 29, 2012, belong to any church in either California or Nevada. He did not pay taxes in either state. Plaintiff did not own real property in California or Nevada. He currently lives in Illinois and has since 2016.

Based on the above, this Court concludes that Plaintiff has not proven by a preponderance of the evidence that after leaving his domicile in Illinois, he had established a

9

domicile in either California or Nevada, (or any other state) as of the date he filed suit, and therefore his domicile remained Illinois. Because various defendants were domiciled in Illinois, Plaintiff cannot establish diversity of citizenship.

Any objection to this Report and Recommendation must be filed by August 8, 2019. *See* Fed. R. Civ. P. 72(b). The failure to file a timely objection may result in the waiver of objections before the district court or on appeal. *See id.*; *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004).

Date: July 25, 2019           By:    /s/ Lisa A. Jensen
                                     Lisa A. Jensen
                                     United States Magistrate Judge