IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Ronald R. Shea, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12 C 50201 |
| | ) | |
| vs. | ) | |
| | ) | |
| Douglas Koehler and | ) | Judge Philip G. Reinhard |
| Carolyn Shea Koehler, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated below, the court accepts the report and recommendation [419], finds that it lacks subject matter jurisdiction based on diversity of citizenship, and relinquishes supplemental jurisdiction over the remaining state law claims. This case is dismissed without prejudice for lack of subject matter jurisdiction.

## STATEMENT-OPINION

On September 10, 2014, the court entered an order [151] dismissing all of plaintiff's claims against all of the defendants except for a state law battery claim against Carolyn Koehler. The battery claim proceeded to a jury trial which ended with a jury verdict [362] in favor of the defendant. Judgment [363] was entered on September 14, 2017. Plaintiff appealed and the Court of Appeals vacated the dismissal of state law claims for civil conspiracy, assault, and false imprisonment against Douglas and Carolyn Koehler, battery against Douglas Koehler, and malicious prosecution against Carolyn Koehler, remanded for further proceedings on those claims, and affirmed the judgment on all other claims. Shea v. Winnebago County Sheriff's Dept., 746 Fed. App'x 541 (7th Cir. 2018).

In its order, the court of Appeals stated the following:

"We note that, on remand, the district court may consider its discretion to relinquish supplemental jurisdiction over the remaining state-law claims—that is, all of the plausible claims we have identified in this decision. Shea asserts that diversity jurisdiction exists, but that proposition is dubious. At the time he filed his complaint, which named numerous Illinois actors, Shea contended that his 'residence' was in California, but he also alleged that he had 'moved' to his mother's home in Illinois with an intent to stay. These allegations are insufficient to establish Shea's 'domicile,' which is distinct from his 'residence,' and which is necessary for Shea to meet his burden to show that diversity jurisdiction existed at

1

the time he filed his complaint. If diversity is lacking, the only basis for jurisdiction is Shea's federal statutory claims, which have now all been dismissed. In this situation, there is a 'general presumption' that the district court will relinquish jurisdiction over the state-law claims, by dismissing the remainder of the suit without prejudice for lack of subject-matter jurisdiction."

Id. at 550 (citations omitted).

On remand, the court referred [409] this matter to Magistrate Judge Jensen to resolve the issue of citizenship and to submit a report and recommendation to the court on that issue. Magistrate Judge Jensen received submissions from the parties, conducted an evidentiary hearing, during which she heard testimony from the plaintiff, and issued a report and recommendation [419]. The report and recommendation found that as of the date he filed suit plaintiff was domiciled in, and therefore a citizen of, Illinois and that because some of the defendants were also domiciled in Illinois, plaintiff could not establish diversity of citizenship. 28 U.S.C. § 1332(a)(1). Plaintiff filed an objection [420] to the report and recommendation.[1] In his objection, he also asks, in the alternative, that if the report and recommendation is accepted, that the judgment [363] entered on the jury verdict [362] and order of dismissal [151] be vacated as to all the state law claims for lack of subject matter jurisdiction.

Starting with plaintiff's alternative request, plaintiff misapprehends the issue at hand. A federal court can have jurisdiction over state law claims either because it has original jurisdiction over them under the diversity statute (28 U.S.C. § 1332(a)(1)) or because it has supplemental jurisdiction over them (28 U.S.C. § 1367(a)) because the state law claims are related to claims arising under federal law over which the court has original jurisdiction pursuant to the federal question statute (28 U.S.C. § 1331). Plaintiff's second amended complaint alleged several federal claims along with several state law claims. Because the court had original jurisdiction over the federal claims pursuant to 28 U.S.C.§ 1331 it also has supplemental jurisdiction over the state law claims under 28 U.S.C.§ 1367(a) unless and until it declines to exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C.§ 1367(c). Thus, a finding that diversity of citizenship is absent, and therefore that original jurisdiction over the state law claims pursuant to the diversity statute (28 U.S.C. § 1332(a)(1)) is lacking, is not a basis to vacate the judgment [363] entered on the jury verdict [362] and order of dismissal [151] because the court had supplemental jurisdiction over all of the state law claims at the time the judgment was entered.

When a magistrate judge issues a report and recommendation pursuant to Fed. R. Civ. P. 72(b)(1), a party may file specific written objections to it. Fed. R. Civ. P. 72(b)(2). The objecting party "must promptly arrange for transcribing the record." Id. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "But this de novo determination is not the same as a de novo hearing. The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations." Goffman v. Gross, 59 F.3d 668, 671 (7th Cir. 1995) (emphasis in original). Plaintiff has not provided a transcript of the evidentiary hearing

---

[1] Plaintiff's objection exceeds the page limit allowed by Local Rule 7.1 but the court will consider it anyway.

and therefore has waived any objection to the magistrate judge's findings based on the testimony provided at that hearing. Divane v. Krull Elec. Co., 95 C 2075, 1997 WL 337447 N.D. Ill. June 17, 1997).

Magistrate Judge Jensen found in her report and recommendation that based on the pleadings, testimony, and affidavits plaintiff had relocated to Illinois on November 22, 2011 with the intent to make Illinois his home indefinitely and as such, beginning on November 22, 2011 plaintiff's domicile for purposes of diversity jurisdiction was Illinois. Magistrate Judge Jensen found plaintiff had not acquired a new domicile prior to filing this case so that at the time plaintiff filed this action plaintiff's domicile remained Illinois. Sadat v. Mertes, 615 F.2d 1176, 1181 (7th Cir. 1980).

Plaintiff challenges both the finding that he established his domicile in Illinois in November 2011 and that he did not establish a domicile in a state other than Illinois after being forcibly removed from his mother's house in December 2011. Plaintiff's objection argues that shortly before he moved to Illinois he executed what he believed to be a lawful move to Nevada. He registered to vote, registered his automobile, and secured a driver's license in Nevada. He then moved to Illinois with the purpose of protecting his mother against the actions of his sister and her husband ("Koehlers"). After suffering a beating in his mother's home at the hands of the Koehlers and being arrested and forcibly removed from his mother's home at the instigation of the Koehlers, he returned to California the day after he was released from jail in Illinois. He lived in California with his paralegal for five-and-a-half months prior to filing this case. In his original complaint he alleged he was a citizen of Nevada based on his belief that he was by choice a citizen of Nevada and on his voter and vehicle registrations there. When he filed his first amended complaint, he concluded based on his review of the law that by living in California, "he had been technically a resident of California at the time of filing." In his second amended complaint he alleged he was a citizen of California.

"It is well established that the burden of establishing proper federal subject-matter jurisdiction rests on the party asserting it—here, the plaintiff." Musscarello v. Ogle County Bd. of Commissioners, 610 F.3d 416, 425 (7th Cir. 2010). In his original complaint (filed May 29, 2012) plaintiff alleged the date the Koehlers attacked him (November 26, 2011) was "less than three-and-a-half days after Ronald Shea established his permanent domicile at his mother's house." In a declaration he filed May 20, 2019 (seven years after making this allegation in the original complaint), plaintiff stated "[f]rom July 15, 2011 to November 15, 2011 (the three months prior to my November 23rd permanent relocation to live with my mother) $29,500.00 disappeared from my mother's brokerage account." Dkt. 401, p.4. Magistrate Judge Jensen found these statements made prior to the time domicile was raised as an issue to carry more evidentiary weight than his statements made after the domicile issue had been raised—specifically his statement in his brief (Dkt 412, p.2) that his registration to vote in Nevada less than a month prior to moving to Illinois was made "specifically with a view toward not establishing citizenship in Illinois" and his testimony at the evidentiary hearing that while he intended to live with his mother, he had no specific intent as to where they would live and that they had discussed Nevada and Florida. Magistrate Judge Jensen found that at the evidentiary

hearing plaintiff testified he never lived at the address on his Nevada voter registration and that he could not recall where in Nevada he lived prior to moving to Illinois.

Plaintiff argues that his use of the terms "permanent relocation" and "permanent residence" in his original complaint concerning his move to Illinois was at first blush self-contradictory with his assertion in the original complaint that he was a citizen of Nevada. He contends this terminology is inconsistent with the language of the Fourteenth Amendment which defines state citizenship as a function of state residency.[2] He argues the "permanent" language must be read in light of the original complaint's stated purpose of his relocation which was the protection of his mother. He asserts that since the only stated purpose for his move was the protection of his mother from the Koehlers that his "permanent relocation" was by definition linked to the protection of his mother and would be terminated by her death which he reasonably believed would occur within a few years. Accordingly, no act of plaintiff "suggested that he had arranged, or even intended to maintain any residence in Illinois after the death of his 81 ½ year old mother."

He further argues that his use of the term "permanent relocation" in the context of the complaint was used to preempt the Koehlers defense of privilege—a defense based on Carolyn Koehler's assertion (recounted in a statement of probable cause prepared by the officer who arrested plaintiff) that at the time of the attack on plaintiff the room in which plaintiff was sleeping was not plaintiff's room because he was only temporarily staying with his mother and that Carolyn had entered the room to tell plaintiff that his mother wanted to talk with him. Plaintiff states he "endeavored to preempt any such claim of privilege by asserting, within the original complaint, that his presence in Illinois was not limited to 'visiting' his mother. It was to protect her until the day of her death." He argues he "maintained strong ties to California and Nevada" and that "the move to Illinois was a very limited move to protect his mother until her approaching death."

Taking the evidence presented at the evidentiary hearing, along with the statements made in various documents plaintiff filed in this case, the magistrate judge concluded plaintiff intended to make Illinois his home indefinitely as of November 22, 2011 when he moved to Illinois and, thus, established Illinois as his domicile at that time.

Having reviewed de novo the record before the court and plaintiff's objection, the court accepts this finding in the report and recommendation. The conclusion that plaintiff moved to Illinois and intended to remain there indefinitely is supported by the allegation in his original complaint that he established his permanent domicile at his mother's house in November 2011 and by his repeated statements throughout the pendency of this case that he had permanently

---

[2] The Fourteenth Amendment states in relevant part: "All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." However, the court is bound by the decisions of the court of appeals holding that domicile not residence is what determines citizenship for purposes of diversity jurisdiction. Any argument based on the Fourteenth Amendment will have to be raised with a higher court. Plaintiff's argument that he was not a citizen of Illinois because under the Illinois Constitution he had not lived in Illinois long enough to be eligible to vote also fails due to the court being bound by the same higher court precedent.

relocated to his mother's house at her request to protect her. It was reasonable to accord more weight to these statements than to plaintiff's post-remand explanations as to why his prior statements, though appearing to be statements of plaintiff's intent to make his mother's Illinois home his domicile, were not indicative of such an intent.

Plaintiff also challenges the report and recommendation's finding that after establishing his domicile in Illinois he did not establish a domicile in any other state. He argues in his objection that his living in California with his paralegal after he was removed from his mother's house established his domicile in California. However, Magistrate Judge Jensen found that plaintiff testified at the evidentiary hearing that he did not intend to remain in California but rather intended to be domiciled in Nevada. Presence in a state without intent to remain does not establish domicile. The magistrate judge also found that plaintiff did not reside in Nevada at any time after he left Illinois. In order to establish Nevada as a domicile he would have had to reside there at some point after leaving Illinois as well as having the intent to remain in Nevada indefinitely. Magistrate Judge Jensen's credibility determinations are entitled to deference. Goffman, 59 F.3d at 671.

Having reviewed de novo the record before the court and plaintiff's objection, the court accepts the finding in the report and recommendation that plaintiff did not establish a domicile in a different state after having established his domicile in Illinois in November 2011. The record before the court does not show plaintiff met the requirements for establishing domicile in either California or Nevada because it does not show both residence and intent to remain in either state. See, Sheneman v. Jones, 682 Fed. App'x 498, 499 (7th Cir. 2017) ("[E]stablishing domicile in a particular state requires physical presence while intending to remain there."), citing Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989).

The court accepts the report and recommendation. Because plaintiff's domicile was Illinois at the time he commenced this case, the court does not have subject matter jurisdiction based on diversity of citizenship.

As the Court of Appeals noted, "[i]f diversity is lacking, the only basis for jurisdiction is Shea's federal statutory claims, which have now all been dismissed. In this situation, there is a 'general presumption' that the district court will relinquish jurisdiction over the state-law claims." Shea, 746 Fed. App'x at 550. "The presumption is rebuttable, but it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." RWJ Mgmt. Co., Inc. v. BP Products North America, Inc., 672 F.3d 476, 479 (7th Cir. 2012) (quotation marks and citations omitted). "We have identified certain circumstances that may displace the presumption, namely: (1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided. Id., at 480.

As noted by the Court of Appeals, the statute of limitations is not an issue because Illinois law allows plaintiff one year after a jurisdictional dismissal to file his state law claims in

state court." Shea, 746 Fed. App'x at 550, citing 735 ILCS 5/13-217. While it is true that this case has already consumed substantial judicial resources, those resources have not been expended on the state law claims restored by the Court of Appeals which were dismissed erroneously early in the case and, therefore, have not been the subject of any action taken by the court in the last five years. As to the third factor, it is not absolutely clear how the remaining claims can be decided. The determination of these claims will require a trial. "Respect for the state's interest in applying its own law, along with the state's greater expertise in applying state law, become paramount concerns." RWJ Mgmt., 672 F.3d at 479 (quotation marks and citation omitted). Relinquishing jurisdiction is particularly appropriate here where plaintiff has already brought, and exhaustively litigated, in the Illinois courts other state claims arising out of his disputes with various defendants. See Shea v. Koehler, 2018 IL App (2d) 170818-U, 2018 WL 6334667 (Ill. App. 2018).

Because none of the identified circumstances that may displace the presumption exist, the court will exercise its discretion and follow the general presumption in favor of relinquishing supplemental jurisdiction over the remaining state law claims. 28 U.S.C.§ 1367(c).

Based on the foregoing, the court accepts the report and recommendation [419], finds that it lacks subject matter jurisdiction based on diversity of citizenship, and relinquishes supplemental jurisdiction over the remaining state law claims. This case is dismissed without prejudice for lack of subject matter jurisdiction.

Date: 11/14/2019                ENTER:

_____
United States District Court Judge

Electronic Notices. (LC)